RULEY, JUDGE:
The claimant was employed by the respondent from 1962 until February 27, 1981. On January 2, 1979, he was injured in a fall while at work. He visited a doctor in April 1979, and discovered that he had suffered a broken back in the fall. The claimant continued to work but was forced to take sick *408 leave periodically until he was terminated during a general reduction in force. The claimant had 430 hours of sick leave remaining and claims he should have been allowed to exhaust those hours before being terminated. He seeks $3,125.00 in compensation for those hours.
Renee Seefried, respondent’s personnel administrator, testified that there was no policy that pertained to terminating employees while on sick leave in a reduction in force situation. The fact that an employee was on sick leave did not influence the termination. Ms. Seefried stated that “it was necessary because of budgetary constraints to fairly quickly and substantially reduce the number of employees and as I say, with the hundreds of hours of sick leave that most of our employees have accumulated, this would be, you know, quite a detriment in removing people from State service quickly.”
The evidence in the record indicates that there was no provision made to compensate employees for sick leave when terminated as part of a general reduction in force. There was no policy in existence which required that an employee, who was on sick leave at the time of the reduction in force, be allowed to exhaust the balance of his or her sick leave hours before being terminated. For those reasons, the Court is constrained to deny this claim.
Judge Wallace disqualified himself and did not participate in the consideration of this claim.
Claim disallowed.