LYONS, JUDGE:
Claimant was formerly employed as the Executive Director of the West Virginia State Aeronautics Commission. His employment was terminated by. letter dated August 13, 1982, from Charles C. Miller, Chairman, West Virginia Aeronautics Commission. The funding for the Aeronautics Commission had been eliminated from the 1982-83 budget. Responsibility for the Aeronautics Commission programs was transferred to the Governor’s Office of Economic & Community Development (hereinafter referred to as GEOCD). Claimant seeks payment for accumulated sick leave and annual leave as of June 30, 1982, the last day of the 1981-82 fiscal year. On that date claimant had 116 days of sick leave and 35 days of annual leave.
Claimant was informed by Miles Dean, Director of the GOECD, by letter dated May 11, 1982, that his position would be terminated. The letter stated in part, “As the funding for the agency is not included in the State budget for Fiscal 1982-83, I would encourage you to begin the process of using your accumulated annual leave in such a way that does not result in the inability to be paid beyond June 30, 1982.” Claimant did not use any of his annual leave prior to June 30, 1982.
Claimant was on sick leave prior to June 30, 1982 through his last day of work. His treating physician, Dr. Rocco A. Morabito, in a letter dated August 31, 1982, wrote that claimant would be able to return *175 to work on September 7, 1982. At the time claimant went on sick leave, he did not inform any of the members of the Aeronautics Commission of that fact. He explained, however, that this was customary procedure. Respondent alleges that claimant’s failure to inform his employer of his illness has resulted in his loss of benefits for sick leave.
The Court, in Jarrell vs. Department of Highways, 14 Ct.Cl. 407 (1983), denied an award of sick leave where the employee was terminated as part of the reduction in force. The same would also hold true for annual leave.
Claim disallowed.